United States District Court
Southern District of Texas

**ENTERED**

October 12, 2023

Nathan Ochsner, Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| MT. HAWLEY INSURANCE COMPANY, | § § § § | |
| Plaintiff, | § | CIVIL ACTION NO. H-23-360 |
| v. | § § | |
| NE VAN HAMPTON *and* FREDERICK DEWAYNE WILLIAMS, | § § § | |
| Defendants. | § § | |

## MEMORANDUM AND ORDER

This insurance dispute arises from a motor vehicle collision that was the basis for a lawsuit between the drivers involved. In that lawsuit, Ne'van Hampton sued Frederick Dewayne Williams and his employer, Greater Houston Transportation Company (GHTC), in Texas state court, alleging negligence. Another individual filed a separate lawsuit in Texas state court, alleging that she was injured in the same accident. Mt. Hawley had insured GHTC. The cases against GHTC were consolidated. (Docket Entry No. 1).

A few months later, GHTC filed for bankruptcy in the Southern District of Texas. Hampton obtained an order allowing him to proceed with his lawsuit, as long as he limited his recovery to the GHTC insurance policies, including the Mt. Hawley Policy. The bankruptcy stay was lifted. In the underlying lawsuit, Williams and GHTC defaulted, and judgment was entered in Hampton's favor in the amount of $887,068.28. (*Id.* at ¶ 8). Hampton's counsel demanded that Mt. Hawley pay that portion of the judgment over $500,000. Mt. Hawley denied payment, asserting that the self-insured retention endorsements defeated coverage. In this lawsuit, Mt. Hawley seeks a declaratory judgment that it has no obligation to pay the default judgment.

The court has reviewed Mt. Hawley's motion for summary judgment, the response, and the reply, as well as the Policy language and applicable law. The court grant's Mt. Hawley's motion for summary judgment. The reasons are set out below.

## I.    The Rule 56 Standard

"Summary judgment is appropriate where 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Springboards to Educ., Inc. v. Pharr-San Juan-Alamo Indep. Sch. Dist.*, 33 F.4th 747, 749 (5th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)).  "A fact is material if it might affect the outcome of the suit and a factual dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thompson v. Microsoft Corp.*, 2 F.4th 460, 467 (5th Cir. 2021) (quoting reference omitted).  The moving party "always bears the initial responsibility of informing the district court of the basis for its motion[] and identifying" the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"When 'the non-movant bears the burden of proof at trial,' a party moving for summary judgment 'may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is [a dispute] of material fact warranting trial.'" *MDK S.R.L. v. Proplant Inc.*, 25 F.4th 360, 368 (5th Cir. 2022) (alteration in original) (quoting reference omitted).  "However[,] the movant 'need not negate the elements of the nonmovant's case.'" *Terral River Serv., Inc. v. SCF Marine Inc.*, 20 F.4th 1015, 1018 (5th Cir. 2021) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).  "If 'reasonable minds could differ' on 'the import of the evidence,' a court

must deny the motion." *Sanchez v. Young County*, 956 F.3d 785, 791 (5th Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250–51 (1986)).

After the movant meets its Rule 56(c) burden, "the non-movant must come forward with 'specific facts' showing a genuine factual issue for trial." *Houston v. Tex. Dep't of Agric.*, 17 F.4th 576, 581 (5th Cir. 2021) (quoting references omitted). The nonmovant "must identify specific evidence in the record and articulate the 'precise manner' in which the evidence" aids their case. *Shah v. VHS San Antonio Partners, L.L.C.*, 985 F.3d 450, 453 (5th Cir. 2021) (quoting reference omitted). All reasonable inferences are drawn in the nonmovant's favor. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022). But a nonmovant "cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Jones v. Gulf Coast Rest. Grp., Inc.*, 8 F.4th 363, 369 (5th Cir. 2021) (quoting reference omitted).

## II.    The Policy Language

The Mt. Hawley Policy, (Docket Entry No. 1 at 4–8), modified the Commercial General Liability Coverage and the Business Auto Coverage with an endorsement stating that Mt. Hawley's obligation to pay was limited to amounts in excess of two "Retention Amounts"—a $500,000 Self-Insured Retention Amount and a $500,000 "Corridor Self-Insured Retention Amount. The Endorsement states:

> I. In consideration of the premium charged, it is agreed that the Limits of Insurance for each of the coverages provided by this coverage form, including any endorsements that are attached to the coverage form, will apply excess of the sum of both a self-insured retention and corridor self-insured retention, hereinafter referred to collectively as the Retention Amounts. . . .

> II. Our obligation to pay any combination of "claim expenses" and "damages" on behalf of any insured applies only to the amount of "claim expenses" and "damages" in excess of both the Retention Amounts. . . .

III. Your Retention Amounts can be either per "claim", in which case the Retention Amount applies to all "claim expenses" and "damages" covered by this policy . . . as the result of any one "occurrence" . . .

VI. The "Named Insured's" refusal to pay, bankruptcy, insolvency, or inability to pay the Retention Amounts shall not increase our obligation under this policy.

(*Id.* at 4–5).

The Business Auto Coverage form of the Policy included a statement that "[n]o one may bring a legal action against [Mt. Hawley] under this Coverage Former until:

a. There has been full compliance with all the terms of this Coverage Form; and

b. Under Covered Autos Liability Coverage we agree in writing that the insured has an obligation to pay or until the amount of that obligation has finally been determined by judgment after trial. No one has the right under this policy to bring us into an action to determine the insured's liability.

(*Id.* at 7).

The defined terms in the Policy include "Self-Insured Retention." It is defined as "the amount that [the insured] must first pay for damages for each 'occurrence,' . . . 'claim,' or 'accident.'" (*Id.*). "'Claim related expense' incurred by [the insured] does not reduce the amount of the 'self-insured retention.'" (*Id.*) "Corridor self-insured retention" is defined as the "amount that [the insured] must pay for damages in addition to the 'self-insured retention' for each 'occurrence,' . . . 'claim,' or 'accident' before the Limits of Insurance of this policy apply." (*Id.*).

## III.    Analysis

It is undisputed that Williams and the insured, GHTC, defaulted in the underlying Texas state court lawsuit that Hampton filed.  Hampton wants Mt. Hawley to pay the default judgment. Mt. Hawley denies coverage. The court agrees with Mt. Hawley.

Texas law governs this coverage dispute. "Under Texas law, insurance policies are governed 'by [the] rules of interpretation and construction which are applicable to contracts

4

generally.'" *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 300 (5th Cir. 2020) (quoting *Nat'l Union Fire Ins. Co. of Pittsburgh v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)).

It is undisputed that the retention amounts apply to the Business Auto Coverage Form. The Self-Insured Retention Endorsement states that Mt. Hawley has no obligation to pay damages, including a money judgment, until the named insured has paid the retention amounts. (Docket Entry No. 1 at 4–8).   GHTC, the named insured, has not paid. Mt. Hawley seeks a declaratory judgment that as a result, it has no duty to pay the default judgment.

Ne'Van Hampton responds that because the words "condition precedent" are not included in the Policy's Self-Insured Retention Endorsement, Mt. Hawley must pay the default judgment in Hampton's favor, even though GHTC did not pay the Self-Insured Retention. (Docket Entry No. 23 at 1).   Hampton's argument is unpersuasive.   The Policy language does more than determine when Mt. Hawley must pay under the Policy; it sets a requirement that Mt. Hawley need not pay unless the insured pays the retention amounts. "Condition precedent" is a way of describing this requirement, but these are not magic words essential for enforcing the requirement. *See Pickle v. Universal Cable Holdings, Inc.*, 534 F. Supp. 3d 663, 677 (N.D. Tex. 2021) ("Generally, there are no magic words needed to create a condition [precedent]."); *Hohenberg Bros. Co. v. George E. Gibbons & Co.*, 537 S.W.2d 1, 3 (Tex. 1976) ("no particular words are necessary for the existence of a condition [precedent]").   The plain language of the Policy Endorsements makes clear that the Policy limits are in excess of the sum of the two retention amounts, and that the Policy limits are not due unless and until the insured "first pay[s]" the damages amount.

Hampton also argues that because GHTC was in bankruptcy, Mt. Hawley had to cover the liability amounts in excess of the self-insured retention amounts, even though the insolvent insured

5

did not pay. (Docket Entry No. 23 at 1).  The parties both cite *Pak-Mor Mfg. Co. v. Royal Surplus Lines Ins. Co.*, 2005 WL 3487723 (W.D. Tex. 2005).  In that case, the insured's employee was injured on the job and sued Pak-Mor, which filed for bankruptcy.  Pak-Mor filed a declaratory judgment action in the bankruptcy court, seeking to require its insurer to provide coverage under the policy.  The issue on summary judgment was whether the self-insured retention endorsement required Pak-Mor to pay the self-insured retention before the insurance company was required to pay.  The district court held that the insurer did not have to pay, based on the policy language, which used the "condition precedent" formulation. *Id.* at *3.  The court found that the language clearly required the insured to pay the self-insured retention before the insurance company's obligation to defend or pay arose, and that the insured's bankruptcy did not change the result required by the policy language.  *Id.*  But the court did not hold that absent those two words— condition precedent—the result would have been different.

The language in the Mt. Hawley Policy at issue here is clear. Mt. Hawley's payment obligation did not arise because GHTC did not pay the self-insured retention amounts. *See also Laster v. American Nat. Fire Ins. Co.*, 775 F. Supp. 985 (N.D. Tex. 1991), *aff'd*, 966 F.2d 676 (5th Cir. 1992) (a policy provision requiring the insured to pay the retained limit before the insurer was liable was read as a condition precedent).

Mt. Hawley's motion for summary judgment is granted. Final judgment dismissing this case is entered by separate order.

SIGNED on October 12, 2023, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge

6